THE THOMAS KINKADE COMPANY, Formerly Known as Media Arts Group, Inc., and Richard F. Barnett, Plaintiffs–Appellees,

v.

Karen HAZLEWOOD; Jeffrey Spinello and Thomas Kinkade at the Downtown Mall, LLC, Defendants–Appellants.

The Thomas Kinkade Company, Formerly Known as Media Arts Group, Inc., and Richard F. Barnett, Plaintiffs–Appellants,

v.

Karen Hazlewood; Jeffrey Spinello and Thomas Kinkade at the Downtown Mall, LLC, Defendants–Appellees.

Nos. 07–16421, 07–17119.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2009.

Filed June 16, 2009.

Christopher Lawrence Dacus, Esquire, Dana N. Levitt, Esquire, Brandon Roker, Esquire, Charles E. Weir, Esquire, McDermott Will & Emery LLP, Los Angeles, CA, for Plaintiffs–Appellees.

Edward W. Fisher, Esquire, Robert S. Zawideh, Esquire, Norman Yatooma & Associates PC, Birmingham, MI, Joseph Kouri, Esquire, Sedgwick Detert Moran & Arnold, LLP, Los Angeles, CA, for Defendants–Appellants.

Before: HAWKINS, TALLMAN, Circuit Judges, and SINGLETON,*

* Honorable James K. Singleton, Jr., Senior District Judge, District of Alaska, sitting by designation.

Senior District Judge.

## MEMORANDUM **

Karen Hazlewood, Jeff Spinello and Thomas Kinkade at the Downtown Mall, LLC, (collectively, "Hazlewood") appeal the district court's June 6 and July 18, 2007 orders vacating an arbitration award in their favor. The Thomas Kinkade Company, LLC, and Richard Barnett (collectively, "TKC") appeal the district court's August 29, 2007 order granting a motion for a limited rehearing before a new arbitration panel. We reverse the district court's orders and direct reinstatement of the arbitration award.

We are satisfied that, taken together, the numerous orders entered by the district court constitute a final judgment giving us jurisdiction over this appeal. 9 U.S.C. § 16(a)(3) and 28 U.S.C. § 1291.[1]

■ The district court divided the arbitration award into two components for purposes of evaluation. First, it considered the award on the merits and vacated it in an order dated June 6. In so doing, it erred by failing to afford arbitration the deference required by federal law. *See Coutee v. Barington Capital Group*, 336 F.3d 1128, 1132 (9th Cir.2003). We are satisfied that the First Amended Complaint adequately gave TKC notice and an opportunity to be heard on the issue of fraudulent concealment upon which the case ultimately turned, and that all of the evidence upon which the panel relied was within the notice provided by the First Amended Complaint. Further, the arbitrators could well conclude that all of the additional evidence proffered by TKC was either irrelevant or cumulative. TKC received a fair hearing from the arbitrators.

The district court next addressed the award of costs and fees and vacated that award in an order dated July 18. TKC challenged this aspect of the award on many grounds. Ultimately, the district court concluded that the award of costs and fees depended upon the award on the merits vacated in the June 6 order and set it aside on that basis. Since we are setting aside the June 6 order, we vacate the July 18 order as well.

■ A few additional remarks are in order. First, AAA Commercial Arbitration Rule R–43 allows an arbitrator to craft an award that is just and equitable. Given the facts of this case, it was within the arbitrator's discretion to impose a portion of Hazlewood's arbitrator's costs on TKC.

Second, we are satisfied that the California Supreme Court would find that California Civil Code § 1668 voids the attempt in the contract to limit damages for lost profits because, in context, it rises to the level of an exemption from responsibility for fraud. *See, e.g., Health Net of California, Inc. v. Dep't of Health Servs.*, 113 Cal. App.4th 224, 240–41, 6 Cal.Rptr.3d 235 (2003).

Finally, we are satisfied that under California law a revision of a contract for fraud is not inconsistent with an award of consequential damages to the defrauded party.

Our decision to set aside the orders vacating the arbitration award on June 6 and July 18 resulting in the reinstatement of the award serves to moot the district court's order of August 29, which transformed the complete vacation of the arbi-

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. It is therefore not necessary for us to determine whether we might also have jurisdiction over the June 6 order on the theory that it merged into the July 18 order permitting a global interlocutory appeal under 9 U.S.C. § 16(a)(1) and 28 U.S.C. § 1292.

tration award on June 6 into a partial vacation.

Accordingly, the district court's orders of June 6, July 18, and August 29 are VACATED and this case is REMANDED to the district court with instructions to reinstate the arbitration award.